In re PETITION FOR DISCIPLINARY ACTION AGAINST Christopher Decker GERRARD, a Minnesota Attorney, Registration No. 282261.

No. A06–1164.

Supreme Court of Minnesota.

Jan. 30, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Christopher Decker Gerrard committed professional misconduct warranting public discipline, namely, engaging in the unauthorized practice of law while on suspension for failure to pay the attorney registration fee and on involuntary restricted status for failing to comply with continuing legal education requirements, in violation of Rule 5.5(a), Minnesota Rules of Professional Conduct (MRPC), and failing to cooperate with the Director's investigation, in violation of Rule 8.1(a) and (b), MRPC, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct and waives his rights under Rule 14, RLPR. Respondent states that he is not practicing law at this time. Respondent has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public repri-mand and probation, subject to certain terms and conditions.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Christopher Decker Gerrard be, and the same is, publicly reprimanded and placed on probation subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall maintain total abstinence from alcohol, marijuana, and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

(d) Respondent shall not resume the practice of law without first contacting the Director and participating, at his own expense, in the Director's random urinalysis program. During this 90–day period, respondent shall submit to ran-

dom urinalysis for drug screening no more than four times per month at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation. Respondent shall not be eligible to resume practice until he completes 90 days of valid (non-dilute) random urinalyses without testing positive. Respondent has stipulated that resumption of the practice of law without first contacting the Director and complying with the terms of this order shall constitute probable cause for the initiation of a disciplinary investigation into whether respondent has appropriately addressed his chemical dependency and is fit to practice law.

(e) Respondent shall not resume the practice of law without first complying with the requirements of Rule 5 of the Rules of the Supreme Court for Registration of Attorneys (providing for re-instatement after administrative suspension by payment of all delinquent registration fees and an additional late penalty) and with the requirements of Rule 12(D) of the Rules of the Minnesota State Board of Continuing Legal Education (setting forth conditions for transfer from involuntary restricted status to active status).

(f) Before resuming the practice of law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(g) Upon resuming the practice of law, respondent shall be on supervised probation for two years under the following additional conditions:

(i) Respondent shall attend weekly meetings of Alcoholics Anonymous or other out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying respondent's attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any.

(ii) Respondent shall continue, at his own expense, to participate in the Director's random urinalysis program. Respondent shall submit to random urinalysis for drug screening no more than four times per month at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced at the Director's discretion. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result shall be grounds for revoking this probation.

(iii) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. At least two weeks before resuming the practice of law, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph (iv) below. Respondent shall make active client files available to the Director upon request.

(iv) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. During probation respondent shall submit to the supervisor, by the first day of each month, an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequently intervals as may reasonably be requested by the Director.

(v) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

Respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT:
/s/ Helen M. Meyer
Associate Justice